```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT P. GORDON | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 10-5065 (JBS) |
| | Criminal No. 05-698 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE,** Chief Judge:

    This matter is before the Court on the motion of Petitioner Robert Gordon [Docket Item 19] to enlarge the number of witnesses to appear and testify at his impending evidentiary hearing. THE COURT FINDS AS FOLLOWS:

    1. On December 19, 2011, the Court granted in part and denied in part the Government's motion to dismiss Mr. Gordon's Amended Petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, and granted in part Petitioner's motion for an evidentiary hearing. [Docket Items 16 & 17.] The Court granted the motion to dismiss as to Petitioner's Grounds 2, 3 and 4 of the Amended Petition but denied the motion as to Grounds 1 and 5 of the Amended Petition; the Court concluded that Grounds 1 and 5 (involving claims of ineffective assistance of counsel) presented material disputes of fact regarding the conduct of Petitioner's attorneys. The Court therefore granted Petitioner's

motion for an evidentiary hearing as to those two remaining grounds at which the Court would take testimony of the Petitioner himself, Petitioner's trial attorney, Frank Louderback, Esq., and Petitioner's appellate attorney, Richard F. Klineburger, III, Esq.

2.  Thereafter, Petitioner filed the instant motion to enlarge the number of habeas witnesses.  Petitioner argues that, in addition to the three witnesses identified by the Court as necessary to resolve the factual disputes, the Court should also take testimony from eight additional witnesses whose testimony, Petitioner argues, will assist the Court in resolving the disputes of fact identified by the Court in its December 19, 2011 Opinion and Order.  Specifically, Petitioner argues that testimony from Burt Wiand and James Gordon is necessary to corroborate Petitioner's factual claim regarding the deficient performance of Mr. Louderbeck, Petitioner's trial attorney.  Further, Petitioner argues that the testimony of John Fedders, Mick Schumacker, Troy Young and Michael Gordon is necessary to demonstrate the prejudice Petitioner suffered due to Mr. Louderbeck's allegedly deficient performance.[1]  Finally,

---

[1] Petitioner also mentions, in a footnote, that an individual named Paul Henry should also be permitted to testify, though Petitioner does not offer any argument about how his testimony would be material to resolving the factual disputes to be addressed in the evidentiary hearing.  Petitioner's proffer of habeas witnesses, attached to his brief, suggests that Mr. Henry was familiar with Petitioner's company and some of the

Petitioner argues that the testimony of Bob Breakstone is necessary to corroborate Petitioner's allegations regarding the deficient performance of Mr. Klineburger, Petitioner's appellate counsel.

    3.   The Court concludes that the testimony of the additional eight witnesses proposed by Petitioner is not material to the relevant factual disputes at issue; the Court will consequently deny Petitioner's motion.

    4.   As to the testimony of Mr. Wiand and Mr. James Gordon, the Court concludes that their testimony is not material to the principal factual issue of ineffective assistance of trial counsel.  The Court, in its December 19, 2011, Opinion held that a material dispute of fact on this issue was raised by the contradictory affidavits of Mr. Louderback and Petitioner. Specifically, Petitioner claimed in his Amended Petition that he instructed Mr. Louderback to interview and subpoena for trial testimony several witnesses which Mr. Louderback failed or refused to do, while Mr. Louderback stated in his affidavit that Petitioner never requested that such witnesses be interviewed or subpoenaed, and that Petitioner had insisted on a defense strategy that required only the testimony of the Petitioner

---

transactions for which Petitioner was convicted.  The Court therefore infers from these clues that Petitioner intends to offer the testimony of Mr. Henry as further demonstrating the "prejudice" that he suffered as a result of the allegedly deficient performance of his trial counsel, Mr. Louderbeck.

himself in his own defense.  Thus, the identified dispute of fact relates only to the conversations between Petitioner and Mr. Louderback.  The testimony of witnesses such as Mr. Wiand and Mr. James Gordon would not be material to this dispute.  Further, the testimony of the four or five other proffered witnesses regarding whether or not Petitioner suffered prejudice by the absence of their testimony might be relevant only if the factual dispute between Petitioner and Mr. Louderback is resolved in Petitioner's favor, and such questions are therefore not necessary to address at this time.[2]

    5.  Similarly, the Court concludes that the testimony of Bob Breakstone is not necessary to resolve the material dispute of fact relevant to Plaintiff's appellate counsel identified by the Court in its December 19, 2011, Opinion.  The material dispute of fact identified by the Court was whether or not Petitioner's appellate counsel, Mr. Klineburger, adequately notified Petitioner of the Third Circuit's decision affirming his conviction, by directing his notification through Petitioner's family.  Therefore, the proffered testimony of Mr. Breakstone is not material to resolving this dispute because Mr. Breakstone was not alleged to be involved in any communications between Mr.

---

    [2] The Court further notes that such testimony regarding prejudice may not be necessary even if the Court resolves the factual dispute regarding deficient performance in Petitioner's favor, as the Court may be able to resolve the prejudice issue on the basis of the substantial record already submitted.

Klineburger and Petitioner or his family.

    6. The Government, in opposition to Petitioner's motion, further argues that the alleged failure of Mr. Klineburger to notify Petitioner of the decision of the Third Circuit would not constitute adequate grounds to vacate Petitioner's conviction or sentence under § 2255. The Government therefore requests that the Court reconsider its determination that any testimony from Mr. Klineburger is necessary at the evidentiary hearing.

    7. The Court, in its December 19, 2011, Opinion, did not decide the legal question of whether such a failure to notify would constitute ineffective assistance of counsel.[3] Therefore, the Court will permit oral argument on this legal question at the evidentiary hearing. The Court will not, however, grant the Government's informal application for reconsideration on this point, as the Government's argument is presented for the first time in its application for reconsideration. See Feit v. Great-West Life & Ann. Ins. Co., 460 F. Supp. 2d 632, 643 (D.N.J. 2006) ("matters may not be introduced for the first time on a

---

    [3] The Court assumed without deciding that such a failure to notify constituted an actionable ineffective assistance of counsel claim because the Government did not address the question in its motion to dismiss. See Gordon v. United States, Civ. No. 10-5065, 2011 WL 6372199 at *9 (D.N.J. Dec. 19, 2011) (explaining that the Court was "[a]ssuming that the failure to notify a convicted prisoner of the Third Circuit's decision would constitute ineffective assistance of counsel sufficient to warrant the relief Petitioner seeks, under the reasoning of the Eighth Circuit case of Wilson v. United States (which the Government does not address)").

reconsideration motion").

8.  In sum, therefore, the Court will deny Petitioner's motion to expand the list of witnesses at the evidentiary hearing, and the Court will deny the Government's informal application for reconsideration as to whether the testimony of Mr. Klineburger is necessary at the evidentiary hearing.  The Court will, instead, proceed to convene the evidentiary hearing at which testimony from the Petitioner, Mr. Louderback, and Mr. Klineburger will be taken to resolve the disputes of fact material to resolving Petitioner's remaining ineffective assistance of counsel claims.  The accompanying Order will be entered.

**April 20, 2012**                        s/ Jerome B. Simandle
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge